UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:04CV-P596-H

**JAMES REED STEPHENS**                                                                                      **PLAINTIFF**

v.

**CORRECTIONAL MED. SERVICES** *et al.*                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

On November 3, 2006, Defendants Whiteside, Reid, and Louisville-Jefferson County Metro Government filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed a motion for extension of time to respon,d and the Court ordered that Plaintiff could have until February 6, 2007, to do so. Plaintiff, however, failed to respond. Accordingly, the motion to dismiss (DN 41) is ripe for decision. For the reasons set forth below, the motion will be denied.

Citing Sixth Circuit case law, Defendants argue for dismissal on the bases that: (1) Plaintiff failed to plead and prove exhaustion in his complaint; and (2) that the grievances filed by Plaintiff did not specifically name either Defendant. These are no longer valid grounds for dismissal in the light of the Supreme Court's recent decision in *Jones v. Bock,* -- U.S. --, 2007 U.S. LEXIS 1325, 2007 WL 135890 (Jan. 22, 2007*),* which repudiated much of the Sixth Circuit's jurisprudence on exhaustion of administrative remedies in prisoner civil rights cases. In *Jones* the Supreme Court held that the Sixth Circuit's (and a minority of other courts') practice of imposing heightened pleading standards on prisoner 42 U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and therefore, exceeded the proper limits of the judicial role. The Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion

in their complaints." *Id.*  Thus, as an affirmative defense, exhaustion must normally be pled and proven by the defendant.  Accordingly, the Court held that it was error for district courts to dismiss complaints for failure to plead and prove exhaustion.  To be certain, the Supreme Court did not hold that prisoners do not have to exhaust.  The Court was clear that under the PLRA prisoners must properly exhaust their claims prior to filing suit.  However, prisoners are not required to plead and prove exhaustion in their complaints.  Here, it is not apparent from the face of the complaint that Plaintiff did not exhaust, and therefore, it is inappropriate for the Court to dismiss the complaint for failure to state a claim on the basis of exhaustion.

Defendants' second basis for dismissal, Plaintiff's failure to individually name the Defendants in his grievances, is also premised on Sixth Circuit law that was rejected by *Jones*.  In *Jones* the Court concluded that the Sixth Circuit's requirement that prisoners identify each defendant named in a lawsuit in their grievances exceeded the requirements of the PLRA.  The Court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance." *Id.*  The Court explained that the district court must look at the requirements of the grievance procedure to determine whether any particular grievance was properly filed.  If the grievance procedures do not require the prisoner to name each defendant, then Courts should not judicially impose such a requirement.  In this case, Defendants have not cited to any provision of the grievance procedure that would have required Plaintiff to individually name Defendants in his grievances.  Therefore, it would be inappropriate for this Court to dismiss Plaintiff's complaint on that basis at this time.

For the reasons set forth above, Defendants' motion to dismiss (DN 41) is **DENIED.**  Nothing about this opinion, however, should be construed as a determination that Plaintiff has

2

properly exhausted his administrative remedies. Because exhaustion is no longer a pleading requirement, the issue is simply not properly before the Court. Defendants are free to reassert their arguments as part of a properly supported motion for summary judgment at anytime.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4412.008